**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CR-126-TLS-JPK |
| | ) | |
| ANTHONY DAY and OMARR WILLIAMS, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Bill of Particulars [DE 20], filed by

Defendant Omarr Williams on October 31, 2019. The government filed a response on January 3,

2020. Defendant Williams did not file a reply, and the deadline to do so has passed.

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may
> move for a bill of particulars before or within 14 days after arraignment or at a later
> time if the court permits. The government may amend a bill of particulars subject
> to such conditions as justice requires.

Fed. R. Crim. P. 7(f). A bill of particulars provides "a more specific expression of the activities

defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d

928, 949 (7th Cir. 1991). "The purposes of a bill of particulars include: (1) allowing a defendant

to avoid double jeopardy in the event of a subsequent prosecution for the same offense;

(2) avoiding prejudicial surprise at trial; and (3) providing a defendant with information sufficient

for him to prepare his defense." *United States v. Schaefer*, No. 2:14-CR-93-PPS-PRC, 2016 WL

1567251, at *1 (N.D. Ind. Apr. 19, 2016) (citing *United States v. Roman*, 728 F.2d 846, 856 (7th

Cir. 1984)).

The decision to grant or deny a motion for a bill of particulars lies within the discretion of

the trial court. *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). "The test for

determining whether a bill of particulars should have been granted is . . . 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *Id.* (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). Accordingly, this standard is met where an indictment "includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013).

A bill of particulars may also be unnecessary "if the information the defendant seeks is readily available through alternate means such as discovery." *Id.* These alternate means may include a criminal complaint and affidavits. *See United States v. Thompson*, No. 05 CR 980, 2006 WL 2850479, at *3-4 (N.D. Ill. Sept. 28, 2006) (denying motion for bill of particulars where the information sought by defendant could be found in discovery provided to defendant and in affidavit filed in support of criminal complaint). A criminal defendant's "constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Fassnacht*, 332 F.3d at 446 (quoting *Kendall*, 665 F.2d at 135). "[T]he key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008).

On October 9, 2019, the government filed a Criminal Complaint against Defendant Williams, alleging bank robbery. On October 16, 2019, Defendant Williams and his co-Defendant Anthony Day were charged by way of a four-count Indictment. Counts 1 and 2 charge Defendants with bank robbery and knowingly carrying, using, and brandishing a firearm during and in relation to, and possessing the firearm in furtherance of, a crime of violence. Count 4 charges Defendant Williams with being a felon in possession of a firearm.

In the instant motion, Defendant Williams makes a request for the following particulars:

1. State when and where did it become known that the [Defendant][1] in question participated in the alleged allegation.

2. State when each incident happened, how was the [Defendant] identified, with [specificity], or positively.

3. State when the [Defendant], Omarr Royale Williams join[ed] co-defendant.

4. State all witnesses, place, time and relationship to the subject matter.

5. State all proofs of claim and identify your exact nature [and] Cause of Action.

6. Specify each victim, their statements, oral and written.

7. Specify each tangible object, books, papers, photos, notes etc. that [tie] the [Defendant] to the incident(s) in question.

8. State the real party of interest and not a fictitious/Legal person named the United States of America.

9. State what measures [were] taken at the Hammond Police Dept. to [extract] a fingerprint from [Defendant].

10. State with particularity each overt act by date, time, place, persons present and conversation that the Government intends to offer evidence in case of trial by jury.

11. State with particularity as it directly relates to [Defendant], Omarr Royale Williams, and not personal observation, that a victim or witness identified Omarr Royale Williams.

12. State the exact date, time, and place that Omarr Royale Williams knowingly and intentionally (Actus Reus) (Mens [Rea]) linked with co-defendant to commit such acts.

13. Pursuant to Rule 16(a)(1)(E)(i)(ii)(iii) the [Defendant] is entitled to receive all evidence unredacted. Rule 12.1(b)(i), 12.1(b)(B)(i).

(Mot. Bill Particulars 2-3, ECF No. 20).

---

[1] The Court notes that Defendant Williams erroneously refers to himself as Plaintiff throughout the instant motion, which the Court has corrected to avoid confusion.

In response, the government asserts that the instant motion should be denied. The government notes that Defendant Williams appears to request the government's response to interrogatories, however, the government is under no legal obligation to respond to interrogatories in a criminal case. (Resp. 2, ECF No. 53 (citing *United States v. Hamzeh*, No. 16-CR-21, 2019 WL 1331639, at *4 (E.D. Wis. Mar. 25, 2019))). The government further explains that much of the information Defendant Williams seeks has already been provided via the government's Rule 16 discovery disclosures. *Id.* The government states that this discovery is voluminous and contains numerous reports and videos of the incidents in question. *Id.* at 3. Additionally, the government represents that further discovery in the form of DNA and fingerprint testing will be provided to Defendant Williams as soon as the government receives it. *Id.* The government asserts that it is aware of its discovery obligations and that it has complied, and will continue to comply, with these obligations and produce discovery accordingly. *Id.*

The government argues that a bill of particulars is therefore unnecessary in this matter. Specifically, the government notes that the Indictment clearly sets forth the elements of the offenses charged, the time and place of the conduct, and a citation to each relevant statute for the crimes charged. *Id.* at 4. Moreover, the government explains that a bill of particulars is not a discovery device. *Id.* Finally, the government notes that no bill of particulars would provide Defendant Williams with certain information, such as "each tangible object, books, papers, photos, notes etc. that [tie] the [Defendant] to the incident(s) in question." *Id.* at 5-6 (quoting Mot. Bill Particulars 2, ECF No. 20).

Count 1 of the Indictment charges Defendants with bank robbery in violation of 18 U.S.C. § 2113(a), committed on October 8, 2019. (Indictment 1, ECF No. 11). The Indictment sets forth the essential elements of a violation of 18 U.S.C. § 2113(a): (1) Defendant knowingly and

4

intentionally took currency from the person and presence of another; (2) the currency was belonging to and in the care, custody, control, management, or possession of a bank whose deposits were then insured by the Federal Deposit Insurance Corporation; and (3) the taking was done by force, violence, or intimidation. 18 U.S.C. § 2113(a); Indictment 1, ECF No. 11; Pattern Criminal Jury Instructions of the Seventh Circuit at 590 (2012, updated 2019).

Count 2 of the Indictment charges Defendants with knowingly carrying, using, and brandishing a firearm during and in relation to, and knowingly possessing the firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), committed on October 8, 2019. (Indictment 2, ECF No. 11). The Indictment sets forth the essential elements of a violation of 18 U.S.C. § 924(c)(A)(i) and (ii): (1) Defendant committed a crime of violence; (2) Defendant knowingly carried, used, and brandished a firearm during and in relation to the crime of violence; (3) Defendant knowingly possessed a firearm; and (4) Defendant's possession of the firearm was in furtherance of the crime of violence. 18 U.S.C. § 924(c)(1)(A)(i)-(ii); Indictment 2, ECF No. 11; Pattern Criminal Jury Instructions of the Seventh Circuit at 239, 241 (2012, updated 2019).

Count 4 charges Defendant Williams with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), committed on October 8, 2019. (Indictment 4, ECF No. 11). The Indictment sets forth the essential elements of a violation of 18 U.S.C. § 922(g)(1): (1) Defendant knowingly possessed a firearm; (2) at the time of the charged act, Defendant was and knew he was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and (3) such possession was in or affecting commerce. 18 U.S.C. § 922(g)(1); Indictment 4, ECF No. 11; Proposed Pattern Criminal Jury Instructions of the Seventh Circuit (2019).

The Criminal Complaint, accompanied by the affidavit of FBI Special Agent Andrew Chonowski, provides additional detail.[2] The affidavit specifies the date, time, and location of the charged acts. (Compl. 7-11, ECF No. 1). The affidavit also includes photos taken during the commission of the charged acts. *Id.* at 8, 9. It further describes the clothing and accessories worn by the individuals who committed the charged acts, the vehicle used to flee the bank, and the amount of United States currency taken during the robbery. *Id.* at 7-9. The affidavit also explains that Hammond Police officers were led to Defendants by use of a tracking device that had been placed in the stolen money. *Id.* at 9-10. Finally, the affidavit describes that Defendant Williams was found with a handgun and bag containing $1,597.00. *Id.* at 10.

The Court finds that Defendant Williams is not entitled to a bill of particulars. As previously stated, the test for whether a bill of particulars should be granted is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Fassnacht*, 332 F.3d at 446 (internal citation and quotation marks omitted). In the instant matter, as explained above, the Indictment sets forth the elements of the charged offenses and sufficiently apprises Defendant Williams of the charges filed against him in a manner that enables him to prepare for trial.

Moreover, a bill of particulars is unnecessary where an indictment or other sources provide the defendant the information necessary for trial preparation. *Vaughn*, 722 F.3d at 927; *Blanchard*, 542 F.3d at 1140 ("Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information is available through some other satisfactory form, such as discovery." (internal citation and quotation marks omitted)). Defendant

<hr />

[2] Because the Indictment references only events that took place on October 8, 2019, the Court limits its consideration of the information detailed in Special Agent Chonowski's affidavit to that date.

Williams has been provided additional information regarding the charges filed against him via the Criminal Complaint, including the affidavit of Special Agent Chonowski, and discovery turned over by the government. Defendant Williams is entitled to know the offenses with which he has been charged, not the details of how the government intends to prove its case. *Fassnacht*, 332 F.3d at 446. Given the detail contained in the Indictment, Criminal Complaint, and discovery already provided to Defendant Williams, the Court finds that a bill of particulars is unnecessary here.

Accordingly, the Court hereby **DENIES** Defendant Omarr Williams's Motion for Bill of Particulars [DE 20].

So ORDERED this 4th day of February, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:    Defendant Omarr Williams, *pro se*
        United States Marshals Service