# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>  v. )<br> )<br>ANTHONY DAY and OMARR WILLIAMS, )<br>    Defendants. ) | CAUSE NO.: 2:19-CR-126-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on a Motion to Sever [DE 57], filed by Defendant Omarr Williams on January 15, 2020. For the following reasons, the motion is denied.

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). However, pursuant to Rule 14,

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Together, "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968)). Nonetheless, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve

the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209, 211 (1987)).

A motion to sever lies within the sound discretion of the trial court. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000). To obtain severance, "defendants must show actual prejudice from their joinder, *i.e.*, that [they] will be unable to obtain a fair trial without severance, not merely that a separate trial will offer a better chance of acquittal." *United States v. Percival*, 756 F.2d 600, 610 (7th Cir. 1985) (internal citation and quotation marks omitted). Accordingly, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Further, "[i]n considering a motion for severance, the trial judge should give deference to the strong public interest in having persons jointly indicted tried together." *Percival*, 756 F.2d at 610 (internal citation and quotation marks omitted).

In the instant motion, Defendant Williams offers several arguments for severance. First, he asserts that the video footage turned over by the government depicts the arrest of his co-Defendant, Anthony Day, in close proximity both to the vehicle allegedly used in the commission of the charged bank robbery and to other evidence related to the underlying charges. (Mot. 1, ECF No. 57). Additionally, Defendant Williams states that there is body camera footage substantiating the video footage of this arrest. *Id.* Defendant Williams contends that these videos are potentially harmful to his trial by jury, since the government has stated that they are key evidence. *Id.*

Second, Defendant Williams states:

> The vehicle in question was parked in the back of a yellow house with several people inside at 532 Burr Street abandoned with no witness to whom were the occupants when Law enforcement agents surrounded this place. The inside was not

> searched for any subjects although the side window was open and a lady was seen opening the door speaking to the Police department. This clearly is a question of why, and another reason in the best interest of justice this court should grant this motion to severance.

*Id.* Finally, Defendant Williams argues that Defendant Day's appointed defense counsel represents a conflict of interest for Defendant Williams "to properly Stand in [his] Proper Person if [his] freedom is partially [dependent] upon the prepared defense of said lawyer for co-defendant whom may not be ready as [Defendant Williams has] Demanded Fast and Speedy Jury Trial." *Id.*

The Court finds that Defendant Williams has failed to show actual prejudice from his joinder to Defendant Day, i.e., that Defendant Williams will be unable to obtain a fair trial without severance. As to Defendant Williams's first argument, while there may be a risk of prejudice where there is "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant," this risk may nonetheless be cured with proper limiting instructions, as "juries are presumed to follow their instructions." *Zafiro*, 506 U.S. at 539, 540-41 (quoting *Richardson*, 481 U.S. at 211). The jury may be instructed that the government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes with which he is charged. *United States v. Jefferson*, No. 1:17-CR-45-TLS-PRC, 2018 WL 6258913, at *2 (N.D. Ind. Nov. 30, 2018); *See Zafiro*, 506 U.S. at 541 (noting the district court properly instructed the jury as to this point). Further, the jury may be instructed to give separate consideration to each individual defendant and to each separate charge against him, and that each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. *Jefferson*, 2018 WL 6258913, at *2; *See Zafiro*, 506 U.S. at 541 (noting the district court properly instructed the jury as to these points). Defendant Williams does little to show how evidence of where Defendant Day was arrested would prejudice him. He also fails to address the issue of jury instructions and offers

no argument that such limiting instructions would be insufficient to cure any prejudice based upon the grounds stated in his motion. Moreover, this case is not complex, nor does it have "many defendants." *Jefferson*, 2018 WL 6258913, at *2; *See Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774-775 (1946)) (explaining that the risk of prejudice due to the admission of evidence against a co-defendant that would not be admissible if a defendant was tried alone is heightened when "many defendants are tried together in a complex case and they have markedly different degrees of culpability").

As to Defendant Williams's second argument, the Court is unable to decipher exactly what Defendant Williams seeks to explain and the Court is therefore unable to address it. To the extent Defendant Williams is arguing that the location of the vehicle, or any purported absence of a search, will become an issue at trial, he does not show that joinder will prejudice him in this regard.

Finally, Defendant Williams's third argument regarding Defendant Day's appointed counsel is unavailing. "A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is not prejudicial *per se*." *United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985). In the instant matter, Defendant Williams has failed to present a problem arising from a joint trial that would rise to the level of prejudicial error. *See United States v. Jackson*, 860 F.3d 438, 447-48 (7th Cir. 2017) (finding that neither the defendant nor a review of the record indicated that most of the problematic issues associated with joint trials were applicable in the case, including: "antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive;" "a massive and complex quantity of evidence making it almost impossible for the jury to separate evidence as it related to each defendant when determining each defendant's innocence or guilt;" and, "gross disparity in the weight of the evidence against the defendants" (quoting *Oglesby*, 764

F.2d at 1176 (collecting cases))). Defendant Williams has failed to show that he will be actually prejudiced by proceeding in a joint trial where Defendant Day is represented by appointed counsel.

Accordingly, the Court hereby **DENIES** Defendant Omarr Williams's Motion to Sever [DE 57].

So ORDERED this 4th day of February, 2020.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT

cc:     Defendant Omarr Williams, *pro se*  
        United States Marshals Service