UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-102 JD |
| ANTHONY DAY | |

**OPINION AND ORDER**

Defendant Anthony Day was indicted for bank robbery, carrying or using a firearm during and in relation to the bank robbery, and "knowingly posse[ssing] a firearm" that "was in and affecting commerce" when he knew that "he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year[.]" (DE 11 at 3.) At the close of the Government's presentation of evidence at his trial, Mr. Day moved the Court for a judgment of acquittal. The Court will deny the motion.

Federal Rule of Criminal Procedure 29(a) governs motions for judgment of acquittal. When a defendant moves for judgment of acquittal pursuant to Rule 29, a court must ask whether evidence exists from which any rational trier of fact could find the "essential elements" of the crime beyond a reasonable doubt. *United States v. Garcia*, 919 F.3d 489, 496 (7th Cir. 2019). The movant faces a "nearly insurmountable hurdle" because the Court considers the evidence in the light most favorable to the Government and will grant the motion "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Id.*; *United States v. Dewitt*, 943 F.3d 1092, 1096 (7th Cir. 2019) (citing *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999)) (internal quotations omitted). Thus, a Rule 29 motion is granted only if the record is devoid of evidence from which a jury could find guilt. *See United States v. Jackson*, 5 F.4th 676, 682–83 (7th Cir. 2021).

Mr. Day argues that the government failed to identify him as one of the bank robbers and that there is no evidence that he possessed any of the firearms found near the location of his arrest. Mr. Day's arguments have no merit.

To convict Mr. Day of the charge of robbing the bank (Count 1), the Government had to prove that Mr. Day took, from the person or presence of another, money belonging to First Financial Bank, and did so by force or violence or intimidation.[1] To convict him of Count 2, the Government must additionally prove that Mr. Day carried or used a firearm during and relation to that bank robbery. There is plentiful evidence from which any rational trier of fact could find the essential elements of these crimes beyond a reasonable doubt.

In its case-in-chief, the government presented evidence that two robbers, clad in distinctive clothing, fake beards, and each carrying bags and handguns entered the First Financial Bank on October 8, 2019, threatened the lives of the employees, took the bank's money, and escaped in a black, spray-painted minivan. Along with the money, the robbers also took hidden GPS trackers that immediately began alerting the police of their location. Within fifteen minutes, the police tracked down the van to an abandoned house in Gary, Indiana. The house was next to vacant lots, overgrown with trees and other vegetation. Just inside the vegetation line and in the vicinity of the van, the police found Mr. Day hiding in tall grass. A search of the wooded area near the location of the arrest uncovered the items of clothing worn by the robbers during the robbery, which were swabbed for DNA. The police also found the duffel bags used during the robbery as well as a revolver and an AR-style handgun. The subsequent lab tests showed very strong support that some of the items of clothing contained Mr. Day's DNA. This evidence, when considered together and in light most favorable to the Government, allowed the Jury to

---

[1] The Government must also prove that the deposits of the bank were insured by the Federal Deposit Insurance Corporation, but this fact is uncontested.

find that Mr. Day was one of the robbers of the bank. In addition, the video evidence from the bank clearly shows that both robbers were brandishing their handguns during the robbery, supporting the charge in Count 2 of the Indictment. Likewise, the tellers testified that both robbers had handguns and brandished them during the robbery. Finally, the revolver found in the woods contained Mr. Day's DNA and one of the robbers is seen in the bank surveillance video brandishing the same model of revolver.  That same robber was in possession of articles that contained significant amounts of Mr. Day's DNA.

As for Count 3, the Government had to prove that Mr. Day possessed the revolver or the AR-style pistol which were found one on top of the other and near the location of his arrest. The Government showed that both the revolver and the AR-style pistol had unmistakable presence of Mr. Day's DNA, establishing that Mr. Day possessed both of the firearms on or about the day of his arrest.[2] Furthermore, since there is evidence to support the fact that Mr. Day was one of the robbers of the bank and was brandishing a firearm during the robbery, DNA evidence that he was one of the individuals in the getaway vehicle, and that both guns were found in close proximity to the getaway vehicle, it then follows that the jury could find him guilty of possessing a firearm as a felon as charged in Count 3 of the Indictment.

Based on all of the evidence the government has presented, the Court finds a rational jury could conclude that Mr. Day has committed the offenses named in the Indictment. The Court therefore DENIES Mr. Day's Rule 29 motion for judgment of acquittal.

SO ORDERED.

ENTERED: January 20, 2023

      /s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

[2] The other elements of the charge in Count 3 are undisputed.